Submitted on record and appellant's brief December 22, 1977, affirmed April 3, reconsideration denied May 10, petition for review denied July 25, 1978, 283 Or 99

ZANDBERGEN, *Respondent,*

*v.*

BURCH, *Appellant.*

(No. 32822, CA 9104)

576 P2d 812

John Henry Hingson III, Oregon City, filed the brief for appellant.

[ 363 ]

No appearance for respondent.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

TANZER, J.

**TANZER, J.**

Defendant appeals from a judgment for conversion of a winch. We take the facts from defendant's brief. Defendant sold his truck to one Broche. Broche installed an electric winch by attaching it to the frame of the truck underneath the truck bed. The winch could not be seen without looking underneath the truck. Thereafter, Broche instructed his employees to remove the winch from the truck, but they did not do so. Broche, thinking that the winch had been removed, sold the truck back to defendant.

Defendant then sold the truck to plaintiff. Neither of them knew that the winch was installed on the truck. A week later plaintiff discovered the winch and informed defendant of its existence. Defendant informed Broche. Broche instructed defendant to return it to him.[1] Defendant asked plaintiff several times for the return of the winch, but plaintiff refused. One night, the defendant went to plaintiff's property and surreptitiously removed the winch. He returned it to Broche. It is this taking which constitutes the purported conversion.

Defendant contends on appeal that there was no evidence to support the finding that the winch was the property of plaintiff.

We are directed to no Oregon cases which explain the degree of attachment which is required for the accession of personal property to personal property. A synthesis of a number of cases, most of them arising from conditional sales contract situations which involve different interests and procedures, leads to the conclusion that whether accession has occurred or not depends upon the degree of attachment of an appliance to a motor vehicle and the readiness with which it can be detached. *See* 1 Am Jur 2d 271, 278, Accession and

---

[1] The proof is not that Broche requested defendant to *take* it, as asserted in the dissent. Therefore, defendant acted on Broche's behalf, but not necessarily as his agent.

Confusion § 8 (1962). Because the origin of the tort doctrine of conversion lies more in the preservation of the peace than in the protection of property interests, the colorability of plaintiff's claim of right to possession takes on more significance than in cases arising from contract or in trover. *Remington v. Landolt,* 273 Or 297, 313-14, 541 P2d 472 (1975); Prosser, Torts, § 15, 93-95 (4th ed 1971).

■ The facts and contention in this case do not require a refined application of these legal issues. Evidence that the electric winch was attached to the undercarriage of the truck securely enough that it did not fall off over a period of use and that it was attached to the electrical system of the truck, supports the trial court's inference of an integral attachment of the winch to the truck.[2] Such an integral attachment, together with a purchase in good faith without knowledge of Broche's claim, give sufficient legitimacy to plaintiff's claim of right of possession to protect it from tortious taking. Therefore, under the facts as found, defendant's detachment of the winch from the truck and the taking of it from the plaintiff constituted conversion.

Affirmed.

**JOHNSON, J.,** dissenting.

Under the majority opinion, if Broche transfers possession, but not ownership, of his widget to defendant, then defendant sells it to plaintiff and plaintiff refuses to return the widget, Broche becomes a converter when he retakes possession. Hornbook law is that plaintiff, not Broche, is the converter. W. Prosser, Law of Torts 84 (4th ed 1971), Restatement (Second) of Torts, § 229. The present case factually differs in two particulars which have no substantive significance.

---

[2]The dissent characterizes the winch as "readily capable of detachment," but the only proof is that defendant in fact detached it. That fact would be significant if we were deciding the fact issue, but we are not; we are deciding only whether the trial court's inference is supported by evidence.

First, defendant, acting on Broche's request and thus as his agent, retook possession. If defendant is a converter, then likewise is his principal. Second, the property transferred was a winch inadvertently attached to a truck sold by Broche to defendant and by defendant to plaintiff. The majority suggests that there might be an accession. Hornbook law again says there is no accession of attached personal property if the property can be identified and is readily capable of detachment, which is the case here. The majority cites American Jurisprudence, I will also. 1 Am Jur 2d *Accession and Confusion,* §§ 2, 4 and 8. The majority opinion results in the owner of personal property becoming a converter. I respectfully dissent because the common law is otherwise.